IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHAD D. SCARBOROUGH<br><br>Plaintiff,<br><br>v.<br><br>LASALLE BANK, et al.<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:10-cv-0624-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Before the court is Defendants' motion to dismiss.[1] During the hearing held February 4, 2011, Plaintiff introduced a series of documents he argued supported his claim. The court gave Plaintiff the opportunity to provide these documents to the court, which he did on February 8, 2011. (Dkt. No. 26.) Because over 420 pages were supplied to the court without any briefing or reference to the relevant portions, on February 15, 2011 the court ordered Plaintiff to provide Defendants and the court "all citations upon which he relies in supporting his arguments as raised in his pleadings and at the hearing on February 4, 2011, including specific references to the provisions in the agreement Plaintiff contends support his arguments." (Dkt. No. 27.) The court also gave "notice of its intent to rely on the documents outside of the pleadings and [intent] to convert the outstanding motion to dismiss to a motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d)." (Dkt. No. 27.) In response to the court's order, Plaintiff only provided a highlighted copy of the documents "with portions thereof presently believed by plaintiff to be

---
[1] (Dkt. No. 4.)

1

pertinent highlighted in yellow." (Pl.'s Resp. Order, 1) (Dkt. No. 31). With matters outside of the pleadings now presented and not excluded, the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). As much as Plaintiff believes that he "waives no rights to obtain further documents in discovery," the court has not received an affidavit or declaration requiring additional time for discovery under Rule 56(d). The time for discovery has therefore passed. *See* (Pl.'s Resp. Order, 2) (Dkt. No. 31). Because Plaintiff has not provided any briefing that explains how these proffered documents or any other evidence could support his claims, Plaintiff's action fails.

## FACTUAL BACKGROUND

On or about December 20, 2006, Plaintiff executed a note in favor of lender, First Franklin Financial Corporation, for the financing of the property at issue. (Compl., ¶ 9.) The trust deed was recorded naming Utah Mountain Title as trustee. (Compl., ¶ 10.) The trust deed also named Mortgage Electronic Registration System, Inc. ("MERS") as the beneficiary and nominee for the lender. (Compl., ¶ 11.) On September 2, 2008, MERS assigned its beneficial interest in the trust deed to LaSalle Bank National Association ("LaSalle"). (Mot. Dismiss, ¶ 4.) On or about December 2, 2008, eTitle Insurance recorded a Substitution of Trustee. (Compl., ¶ 10), (Mot. Dismiss, ¶ 5). Following a recording of a Notice of Default and Election to Sell, eTitle Insurance held a trustee's sale on May 19, 2010.

Most important for this litigation is what happened to the note executed in favor of lender, First Franklin Financial Corporation. Plaintiff has provided the First Franklin Financial Corporation and Merrill Lynch Mortgage Investors, Inc. Mortgage Loan Purchase Agreement, which he asserts shows that First Franklin sold the note to Merrill Lynch Mortgage Investors, Inc. The note was then deposited in the First Franklin Mortgage Loan Trust Series 2007-FF2

and conveyed to the trustee (LaSalle) in return for certificates through the Merrill Lynch Mortgage Investors, Inc. and LaSalle Bank National Association Pooling and Servicing Agreement. As such, LaSalle is both the owner of the note and the beneficial interest in the trust deed of the property at issue.

## ANALYSIS

### I. STANDARD OF REVIEW

Although the motion before the court was originally a motion to dismiss, "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Plaintiff has presented such matters outside the pleadings, and the court gave "notice of its intent to rely on the documents outside of the pleadings and [intent] to convert the outstanding motion to dismiss to a motion for summary judgment, pursuant to Fed. R. Civ. P. 12(d)." (Dkt. No. 27.) Thus, Defendants' motion to dismiss has been converted to one for summary judgment.

Defendants' motion for summary judgment will be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A 'material fact' is one which could have an impact on the outcome of the lawsuit, while a 'genuine issue' of such a material fact exists if a rational jury could find in favor of the non-moving party based on the evidence presented." *Chasteen v. UNISIA JECS Corp.*, 216 F.3d 1212, 1216 (10th Cir. 2000). Although "[t]he movant has the burden of showing that there is no genuine issue of fact" in moving for summary judgment, "the plaintiff is not thereby relieved of his own burden of producing . . . evidence that would support a jury verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Likewise, the role of

the Court is not to weigh the evidence, but to "determine whether there is a genuine issue for trial." *Id*. at 249.

## II. THE COURT'S ORDER

As an initial matter, the court's order dated February 15, 2007 required Plaintiff to "provide Defendants and the court with all citations upon which he relies in supporting his arguments . . . including specific references to the provisions in the agreement Plaintiff contends supports his arguments." (Dkt. No. 27.) This order echoed Fed. R. Civ. P. 56 (a)(c)(1): "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ." Because the court has given Plaintiff notice of the court's intent to convert the motion to dismiss to a motion for summary judgment, only Plaintiff's citations "to particular parts of materials in the record" will be considered. *See* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").[2]

The court has previously admonished counsel for advancing frivolous arguments, and for failing "to be more discriminating in his argumentation and responsible in his use of caselaw." *Commonwealth Prop. Advocates v. Citimortgage, Inc.*, No. 2:10-CV-885, 2011 U.S. Dist LEXIS 16159, at *5 (D. Utah Feb. 16, 2011). Despite the court's admonitions regarding his poor briefing, counsel has taken new steps to further confuse the issues, delay litigation, and waste Defendants' resources and those of the court. As previously stated, Plaintiff's counsel proffered hundreds of pages of documents to the court during the hearing on February 4, 2011, which he admitted to have not fully read. In response to the court's order to produce "all citations" and

---

[2] Contrary to Plaintiff's contention, the "documents are [*not*] the facts." (Pl.'s Reply Resp. Order, 2) (Dkt. No. 32). The documents are evidence, but only insofar as they are cited. Highlighting hundreds of pages or referencing a lengthy document simply by name is not a citation. The court will not do counsel's homework for him by wading through many, many pages in order to conjure some tenable claim.

4

"specific references to the provisions in the agreement Plaintiff contends supports his arguments," counsel submitted the same stack of documents, only now highlighted, with little explanation of how the highlighted portions were relevant to his argument. Such a submission is unhelpful. The court must conclude that counsel's use and submission of the documents were not for the purpose of advancing Plaintiff's case, but simply to delay. As such, it is obvious that this court's admonitions, threats of sanctions, and use of sanctions have not persuaded counsel to take the court seriously or raise his practice to a higher, more responsible standard. *See Commonwealth*, 2011 U.S. Dist LEXIS 16159 at *6. Counsel is hereby warned that further contempt will not only result in additional sanctions, but a referral to the court's disciplinary committee.

### III. PLAINTIFF'S EVIDENCE

Plaintiff's anemic use of the evidence fails to provide support for the most basic assumptions necessary to succeed on his complaint.[3] As an example, the court will analyze Plaintiff's main contention that the note, or debt, at issue was pooled and securitized to investors, and that such a securitization acted as a sale of the loan which transferred the beneficial interest in the trust deed. (Compl., ¶ 15, 18) (referring to both the pooling of the "Note" and "debt.");[4] *see also*, (Dkt. No. 20, 4.) Based on this argument, Plaintiff contends that "a debt transferred into multiple ownership [would cause the security rights to] be apportioned as the debt." (Pl.'s

---

[3] The court notes that insofar as Plaintiff asserts a cause of action for declaratory judgment, such a cause of action "cannot be used to redress alleged past wrongs." *Tapia v. U.S. Bank, N.A.*, 718 F. Supp. 2d 689, 695 (E.D. Va. 2010). Indeed, "declaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip Co.*, 386 F.3d 581, 593-94 (4th Cir. 2004). Causes of action seeking declaratory judgments are therefore "untimely if the questionable conduct has already occurred or damages have already accrued." *Tapia*, 718 F. Supp. 2d, at 695. Because the foreclosure and any wrong that Plaintiff suffered has already occurred, declaratory judgment at this stage is inappropriate. *Id.* at 696. Accordingly, the causes of action for declaratory judgment can be dismissed independently for failure to state a claim.

[4] At one point in his briefing, Plaintiff explains "that the Note in issue is not in evidence." (Pl.'s Reply Resp. Order, 8) (Dkt. No. 32). Despite this fact, Plaintiff then makes a variety of arguments based upon the rights allegedly provided in the language of the note. (Pl.'s Reply Resp. Order, 10.) Without quoting the note itself, Plaintiff's contentions are without merit.

5

Reply Resp. Order, 5) (Dkt. No. 32). Plaintiff then concludes that because the debt was sold and the security followed to the investors, Defendants lacked authority to sell the subject property. (Compl., ¶ 30-31, 53.)[5]

Plaintiff fails to show, however, that the securitization of these certificates also constitutes a securitization of the note or underlying debt. Indeed, Plaintiff has failed to provide citations to support the notion that the certificates stipulate that "the holder owns the debt and the right to collect." (Pl.'s Resp. Mot. Dismiss) (Dkt. No. 10, 10). In contrast to this claim, the Servicing and Pooling agreement before the courts states that the certificates simply "evidenc[e] ownership of the entire Trust Fund." Pooling and Servicing Agreement § 2.06, 76. And insofar as the trust fund assets include the notes at issue, there is nothing from which the court can conclude that the debt is anything but separate from the trust fund and the certificates.[6] The court cannot find, therefore, that the debt was ever securitized.[7]

---

[5] Because the issue is ultimately moot, the court will not address Plaintiff's dubious interpretation of Utah Code Ann. § 57-1-35.

[6] It is true that investors may have claim on the assets from the trust, including the right to the cash-flows or proceeds of the debt. But this is separate and apart from Plaintiff's assertion that the "certificates represent[] the right to collect [or foreclose on] the loans." (Pl.'s Reply Resp. Order, 6) (Dkt. No. 32). It is important to note that the court is not finding that a securitization of the certificates cannot equate to a securitization of the debt. Rather, the court simply finds that Plaintiff has failed to support this contention. Plaintiff has provided nothing to suggest that the investors own anything more than what the trust provides them via ownership of the certificates.

[7] Apart from failing to cite to any documents or relevant law, Plaintiff's argument is also confusing. Plaintiff actually appeared to have identified the important issue in stating that in the February 4, 2011 hearing, "defendants suggested that the interest of persons purchasing 'certificates' may be something different in some legally significant way from ownership of the debt." (Pl.'s Reply Resp. Order, 3) (Dkt. No. 32). After identifying the critical issue, however, Plaintiff then pontificated on arguments that he admits "are not material" before concluding, without any cogent reasoning, that "Defendants cannot deny transfer of the debt to the securities broker." (Pl.'s Reply Resp. Order, 3-4.) Plaintiff goes on to argue that "[i]f LaSalle Bank now asserts an interest, it must be upon the grounds that the loans were deposited with it as trustee of the securitization pool, and never passed out of it back to the securities broker, or on to certificate holder. Defendants make absolutely no showing in the latter regard." (Pl.'s Reply Resp. Order, 3.)

Based on this argumentation, there are two notes worth making: First, the complaint states that the "securitized debt is purported to be part of the First Franklin Mortgage Loan Trust, Series 2007-FF2 Trust." (Compl., ¶ 18.) Thus, according to Plaintiff's complaint, the securitized debt is still sitting in the Trust, now legally owned by LaSalle as trustee. Second, and most critically, is that Plaintiff has failed to provide any support to show that the debt was securitized through the securitization of the certificates and then sold to investors, as discussed. Because this is *Plaintiff's* claim, it is likewise *Plaintiff's* burden to produce such evidence.

Plaintiff attempts to preempt such a finding by arguing that the certificate holders really own the debt because they have "the right to collect the sum owning" and that "[t]he certificates expressly represent the right to collect the loans." (Pl.'s Reply Resp. Order, 6) (Dkt. No. 32). Despite Plaintiff's pontifications, he has not cited any portion of any agreement that supports this proposition. *Id.* In the end, nothing has been presented to the court that demonstrates that the certificates represent anything more than an interest in all proceeds or cash-flows paid corresponding to the note, independent and separate from any right to collect the debt as asserted by Plaintiff. Accordingly, Plaintiff's attempt to transmogrify the securitization of the certificates into a securitization of the debt fails for lack of evidence, and persuasive argument. Because Plaintiff has failed to show that the debt as a right to collect the loans was securitized, there is nothing by which the court can conclude that LaSalle is not the owner of both the trust holding the debt as evidenced by the note, and the beneficial interest under the trust deed. Plaintiff has likewise failed to demonstrate that the foreclosure proceeding against him by eTitle Insurance Agency, acting for LaSalle, was improper. (Compl., ¶ 30.)

## CONCLUSION

Although this motion for summary judgment stems from Defendants' motion to dismiss, Plaintiff must still produce "evidence that would support a jury verdict." *Anderson*, 477 U.S. at 256. Plaintiff has failed to carry his burden for the reasons stated above. In addition, because Plaintiff has failed to both respond to the court's order to show cause regarding the other causes of action and to provide evidence to support those claims, they likewise fail.[8] Accordingly,

---

[8]  (Dkt. No. 20.)

summary judgment is GRANTED in favor of Defendants.[9]  Defendants' motion to strike is DENIED as moot.[10]  The action is hereby closed.

DATED this 21st day of April, 2011.

BY THE COURT:

_____

Clark Waddoups

United States District Judge

---

[9] (Dkt. No. 4.)
[10] (Dkt. No. 12.)

8